**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Donovan,<br><br>    Plaintiff,<br><br>v.<br><br>Garrison Property and Casualty Insurance Company,<br><br>    Defendant. | No. CV-25-01230-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff James Donovan's Motion to Strike Objection to Plaintiff's Offer of Judgment (Doc. 15), in which Plaintiff argues that the Court should strike Defendant Garrison Property and Casualty Insurance Co.'s Objection (Doc. 14) to Plaintiff's offer of judgment as untimely under Arizona's offer of judgment rule, namely, Arizona Rule of Civil Procedure 68.

Defendant bases its Objection to Plaintiff's offer of judgment on Federal Rule of Civil Procedure 68. But, "[u]nlike the Arizona rule, the federal rule only applies to offers made by *defendants*; it has no application to offers made by plaintiffs." *Goldberg v. Pac. Indem. Co.*, 627 F.3d 752, 755 (9th Cir. 2010). While the Ninth Circuit has held that "Arizona Rule of Civil Procedure 68 directly conflicts with Federal Rule of Civil Procedure 68 when applied to prevailing defendants/offerors" such that the Arizona rule does not apply to offers of judgment made by defendants in diversity cases, that court did not address whether the Arizona rule applies to offers of judgment made by plaintiffs in diversity cases. But the court noted that "several circuits have found that state rules that allow for some

form of sanctions when a plaintiff's offer of settlement is rejected *do not* conflict with Federal Rule 68." *Id.* at 756 (citing *Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170, 1176 (10th Cir. 2000) (overruled in a different context by *Stender v. Archstone-Smith Operating Tr.*, 958 F.3d 938 (10th Cir. 2020)); *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 310 (7th Cir. 1995)).

This Court agrees with that line of cases as applied in this context. Because Federal Rule of Civil Procedure 68 does not address offers of judgment made by plaintiffs, the Arizona rule does not conflict with it to the extent it relates to offers of judgment made by plaintiffs. The additional remedies the Arizona rule provides—such as a sanction of 20 percent of the difference between the amount of the rejected offer and the final judgment—are substantive, and under *Erie* the Court will apply the Arizona rule to a plaintiff's offer of judgment to its substantive extent. Accordingly, the Court will overrule Defendant's Objection (Doc. 14) asking the Court to apply the Federal rule to Plaintiff's offer of judgment.

In his Motion, Plaintiff asks the Court to strike Defendant's Objection as untimely under Arizona Rule of Civil Procedure 68(d)(2). But that section of the rule is procedural, and under *Erie*, a federal court will apply its own procedural rules. That issue is not critical here, because the Court is overruling Defendant's Objection, which has the same effect on the parties as granting Plaintiff's Motion to Strike. Therefore, upon overruling the Objection, the Court will deny as moot the Motion to Strike. Because the parties perceived the question as to which Rule 68 to apply to be unresolved, the Court will allow Defendant 10 days from the date of this Order to respond to Plaintiff's offer of judgment.

**IT IS THEREFORE ORDERED** overruling Defendant's Objection to Plaintiff's Offer of Judgment (Doc. 14).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion to Strike Objection to Plaintiff's Offer of Judgment (Doc. 15).

. . .

. . .

**IT IS FURTHER ORDERED** that Defendant may have 10 days from the date of this Order to respond to Plaintiff's offer of judgment.

Dated this 13th day of August, 2025.

_____
Honorable John J. Tuchi
United States District Judge